## In re Anonymous No. 53 D.B. 75

Disciplinary Board Docket no. 53 D.B. 75.

UNKOVIC, *Board Member,* November 18, 1977 — Pursuant to Rule 208(d) of the Pennsyl-

vania Rules of Disciplinary Enforcement (rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) herewith submits its findings and recommendations to your honorable court with respect to the above proceeding.

## I.   HISTORY OF PROCEEDINGS

The facts in this case are not in dispute. Both petitioner and respondent have concurred in the history of the case as set forth in the report of hearing committee [   ].

On July 30, 1975, respondent was found guilty on three counts of using the mails to defraud in violation of the Act of June 25, 1948, 62 Stat. 763, as amended, 18 U.S.C.A. §1341, in the United States District Court for the [   ] District of Pennsylvania. Respondent was sentenced that same day to three years imprisonment on each count, which sentences of imprisonment were to run concurrently and also was ordered to pay fines in the total of $3,000.

A certified copy of the judgment and order of sentence was filed with the Supreme Court, pursuant to then Rule 17-14(a) of the Rules of Disciplinary Enforcement. On August 13, 1975, the Supreme Court ordered respondent suspended from the practice of law in accordance with then Rule 17-14(a) of the Preamble, now 214, and the matter was referred to the Disciplinary Board for institution of formal proceedings before a hearing committee pursuant to then Rule 17-14(c). Respondent was unsuccessful in his appeals and disciplinary proceedings were commenced in late November of 1975.

After two months confinement at the Allenwood Federal Prison Camp, respondent was released on

or about February 9, 1977. On March 16, 1977, a hearing was held at the district [ ] office of the Disciplinary Board. The office of disciplinary counsel was represented by [ ], Esquire, and [ ], Esquire, and the respondent was represented by [ ], Esquire, and [ ], Esquire.

The hearing committee [ ] consisted of [ ], Esquire, Chairman, [ ], Esquire, and [ ], Esquire.

At the hearing, evidence was presented by stipulation of counsel, and respondent testified on his own behalf. Further, at the request of respondent's counsel, the hearing committee agreed to consider the transcript of respondent's criminal trial and various appellate briefs submitted on behalf of respondent and the United States Government in that action.

In regard to the "supposed issue" of whether respondent's involvement in the underlying scheme to defraud was "knowing," petitioner objected to the offer of the briefs and the criminal transcripts. The Chairman of the Hearing Committee requested Assistant Disciplinary Counsel to read the criminal transcripts in their entirety and to bring to the attention of the committee whatever testimony and evidence might be relevant in determining the "supposed issue," i.e., whether the respondent's conduct, the subject matter of three criminal convictions, had been "knowing."

Respondent was charged with violating the following disciplinary rules of the Code of Professional Responsibility:

a. D.R. 1-102A(3) — Dealing with engaging in illegal conduct involving moral turpitude;

b. D.R. 1-102(A)4 — Dealing with conduct involving dishonesty, fraud, deceit or misrepresentation;

c. D.R. 1-102A(6) — Dealing with other conduct adversely reflecting upon his fitness to practice law.

The committee, in its discussion, stated that it had reviewed the suggested summaries of the transcript and in fairness to respondent tried to properly judge his counsel's argument, i.e., "that at no place in the transcript is there evidence that respondent knew of any fraudulent claims." However, because of the complexity of the evidence and the inferences that might reasonably arise therefrom, the committee avoided further reconsideration of respondent's "knowing" involvement and accepted the stipulated facts and the testimony at the hearing and proceeded to the mandate of Rule 17-14 to recommend the extent of discipline to be imposed.

The committee took into consideration that the conviction of the offense under the factual context was particularly destructive of the image of the legal profession in the public view. It also considered matters in mitigation, such as respondent was on the verge of an illustrious career; had established an excellent reputation in many fields; he and his family had been severely punished and suffered by the trial, the conviction, the prison sentence and the fine, the expulsion from the General Assembly, the suspension from the practice of law and ensuing financial loss, and his mortification and embarrassment. The committee further considered the fact of his acquittal on the conspiracy charge, his continued denial of actual knowledge of the wrongdoing and the nature of the crime for which he was actually convicted, as opposed to other crimes where a clear proof of intentional criminal intent is more patent.

The committee recommended a 33-month suspension effective August 13, 1975, which, if adopted would allow respondent to petition for reinstatement effective May 13, 1978.

Petitioner, office of disciplinary counsel, filed a brief on exceptions to the hearing committee report and urged that the Disciplinary Board should recommend disbarment to the Supreme Court.

Respondent filed a brief in answer to petitioner's exceptions to the hearing committee report and urged the Disciplinary Board to adopt the recommendation of the hearing committee [   ] of a 33-month suspension effective August 13, 1975, with the right to petition for reinstatement effective May 13, 1978.

## II.   DISCUSSION

In the disciplinary counsel's brief on exceptions to the hearing committee report, no exception is taken to the history of the case and findings of fact adopted by the hearing committee.

Petitioner did advance two basic exceptions to the findings of the committee. The first exception was to the committee's considering in further mitigation respondent's continual denial of actual knowledge of the wrongdoing, and also the nature of the crime for which respondent was ultimately convicted, as opposed to other crimes where a clear proof of intentional criminal intent is more patent. The second exception was to the recommendation for discipline made by the hearing committee that respondent be suspended for 33 months, retroactive to the original date of summary suspension for the conviction.

As disciplinary counsel sets forth in its brief, the

only issue squarely before this board in the instant proceeding is the extent of the final discipline to be recommended to the Supreme Court of Pennsylvania for the conviction, which is a separate ground for discipline.

Enforcement Rule 214 is authority for the immediate entering of an order of suspension following the filing with the Supreme Court of a certified copy of an order demonstrating that an attorney has been convicted of a crime which is punishable by imprisonment for one year or upward. Enforcement Rule 203 sets forth the grounds for discipline of an attorney who may have been convicted of a crime which, under Enforcement Rule 214, may result in suspension.

Disciplinary counsel cites a number of cases in support of its argument that respondent be disbarred when respondent was convicted in Federal Court of a mail fraud violation. The only Pennsylvania case cited is Office of Disciplinary Counsel v. Anonymous, Disciplinary Board Docket no. 36, D.B. 74, no. 81 Disciplinary Docket no. 1 (1976). Disciplinary counsel does cite a number of cases where courts have determined that disbarment is an appropriate sanction for an attorney convicted of a crime involving fraud, although it also cites two cases: In re Rosenfield, 111 R.I. 924, 304 A. 2d 52 (R.I. 1973), and In re Grossgold, 58 Ill. 2d 9, 317 N.E. 2d 45 (Ill. 1974), wherein the court ordered suspension.

Respondent in his brief adopts the statement of the case contained in petitioner's brief on exceptions to the hearing committee report, so we may conclude that the facts are not in dispute. The summary of respondent's position is that it was proper for the hearing committee to consider

mitigating factors in determining the discipline to be imposed, including the consideration of respondent's continual assertion of the lack of guilty knowledge and the nature of the crime. Respondent urged that the recommendation of the hearing committee as to discipline be adopted.

Enforcement Rule 214(c) provides that the sole issue to be determined at a disciplinary hearing following a conviction is the extent of discipline to be imposed. It was proper for the hearing committee to entertain mitigating factors in determining the discipline to be imposed upon respondent. To hold otherwise would indicate that there is a mandatory type of discipline to be imposed after conviction and we find no such authority in the Enforcement Rules or the decisions of the Supreme Court of Pennsylvania.

The case of Nathan Grossgold, Attorney, respondent supra, has been cited by both disciplinary counsel and counsel for respondent in respective briefs. That, too, was a mail fraud case in violation of 18 U.S.C.A. §1341. The court discussed prior convictions of crimes involving moral turpitude that resulted in disbarment of the attorney involved. The conviction, as found in Grossgold, was conclusive evidence of guilt, but it did not preclude the consideration of other evidence for the purpose of determining the appropriate disciplinary action, and, therefore, the court felt it must look to all of the circumstances surrounding respondent's commission of the crime of mail fraud. In that case, the length of respondent's unblemished record was considered, as well as the distinction in the culpability of the defendants in the case. It was also recognized that respondent's conduct did tend to

bring the legal profession into disrepute, was unbecoming to respondent, as a member of the profession, and does warrant some sanction against the wrongdoer. In the instant [respondent] case, the hearing committee recognized that respondent engaged in reprehensible conduct and stated, inter alia, at page 7 of its report:

"The conviction of such an offense and under the factual context of this case, is particularly destructive of the image of the legal profession in the public view. Such conduct by an attorney is reprehensible. The attendant facts, not necessarily directly related to Respondent, involving the apparent use of investigators as 'runners', cozy dealings with insurance company adjustors and at least apparent shady dealings, if not dishonest and illegal per se, but clearly unethical practice in general, may in total be equally offensive to the ethical practitioner as is the actual commission of the crime. This Committee is genuinely concerned about such practices, questions the extent of which they are prevalent, and further questions why with the factors surrounding the instant case, there have not already been other charges brought against other members of the Bar."

And in mitigation beginning on that same page, the hearing committee set forth:

"On the other hand, and in mitigation, respondent was on the verge of an illustrious career and had apparently established an excellent reputation in many fields. That he and his family have been severely punished and suffered must be conceded. The trial, the conviction, the prison sentence, the fine, being expelled from the General Assembly and the suspension from the practice of law have all

caused great financial loss, as well as mortification and embarrassment.

"In further mitigation, we considered the fact of his acquittal on the conspiracy charges, his continual denial of *actual* knowledge of the wrongdoing, the nature of the crime for which he was ultimately convicted, as opposed to other crimes where a clear proof of intentional criminal intent is more patent, his prior reputation as shown by the character witnesses and the 'punishment' he has already inflicted upon himself and his family, which will continue for the rest of his life."

Since the facts are not disputed, we on the board, are of the opinion that respondent has engaged in reprehensible conduct detrimental to the legal profession and to the public, but, nevertheless, in view of the mitigating circumstances set forth above, we would agree with the findings of the highly respected hearing committee chaired by [ ], of the [ ] County Bar.

### III. RECOMMENDATION

The Disciplinary Board respectfully recommends to your honorable court that the recommendation of the hearing committee be adopted and that respondent be suspended for a period of 33 months, retroactive to August 13, 1975, the date of his suspension from the practice of law.

### ORDER

EAGEN, *C.J.*, — And now, December 3, 1977, the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania dated November 18, 1977, are hereby rejected; and it is

Ordered and decreed, that respondent, [  ], of [  ] County, be, and is forthwith suspended from the practice of law for a period of four years, such suspension to be made retroactive to the order of suspension of this court dated August 13, 1975.